[No. 29837. Department Two. September 26, 1946.]

BOEING AIRCRAFT COMPANY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 173 P. (2d) 164.

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Holman & Sprague* and *J. Paul Coie,* for respondent.

CONNELLY, J.—This case involves the construction and application of the appeal provisions of Rem. Rev. Stat. (Sup.), § 7676, and Rem. Supp. 1943, § 7697 [P.P.C. §§ 717-1, 704-1]. The factual and legal background of the entire inquiry grows out of our decision in *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640. That case had its origin in a serious airplane tragedy in Seattle in which a testing and engineering crew of Boeing Aircraft Company and twenty employees of Frye & Company, a meat-packing plant, were killed when an airplane, on a test run, crashed into Frye & Company's plant. Twelve employees of Frye & Company were injured in the same accident.

Prior to the advent of that case to court, the department of labor and industries had ruled that the Boeing Aircraft Company, being the sole contributor in this state for the aircraft manufacturing class, should bear the entire burden of payment of compensation, not only for its own employees but also for all of those employees of Frye & Company who were killed or injured. The trial court affirmed that order of the department, but, on appeal, this court reversed the superior court, holding that, where an airplane on a trial flight crashed into a meat-packing plant, killing the members of the crew and killing and injuring many employees

of the meat-packing plant, the meat-packing and airplane manufacturing classes were each liable for the costs sustained in their respective classes, and the department of labor and industries was not authorized to transfer the charges for death and injuries suffered by the employees of the meat-packing plant from that class to the airplane manufacturing class.

This court also held that, because of the contentions proposed by Frye & Company, every extrahazardous industry within the purview of the workmen's compensation act should bear the burden arising out of injury to its employees, regardless of the cause of injury or whose negligence should be determined to be the proximate cause of the injury. In order to attain this decision, Boeing Aircraft Company had to appeal from the original order of the department placing the entire burden of awards for killed and injured employees in both classes upon the aircraft manufacturing class.

Following the transmittal and filing of the remittitur in the original case from this court to the superior court for King county, judgment was entered upon the remittitur, allowing Boeing Aircraft Company four thousand dollars attorneys' fees and directing that such fees be paid by the department of labor and industries.

The only question confronting us is: Were attorneys' fees properly allowed, or assessable at all, when the appeal in which they are claimed to have been earned was from an order of the joint board that did not involve an award for death or injury occurring to a workman, but related wholly to the assessment of cost experience as between two employers of different classes? This brings us to the sections of the workmen's compensation act which control the issue presented. The applicable portion of Rem. Rev. Stat. (Sup.), § 7676, provides as follows:

". . . From the original classification or premium rating or any change made therein, any employer claiming to be aggrieved may appeal to the joint board and to the courts in the manner provided in section 7697 of Remington's Revised Statutes."

Rem. Supp. 1943, § 7697, provides in part as follows:

"Within thirty days after the final order of the Joint Board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the Superior Court of the county of his residence, or to the Superior Court of the county wherein the injury occurred, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the Department. On such appeal the hearing shall be *de novo*, but the appellant shall not be permitted to offer, and the Court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the Joint Board or included in the record filed by the Department."

The same section also provides:

"It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the Court in the case, and if the decision of the Joint Board shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund, *if the accident fund is affected by the litigation.* . . . Appeal shall lie from the judgment of the Superior Court as in other civil cases." (Italics ours.)

There are only three possible types of appeal from a ruling of the joint board in industrial accident cases: (a) appeals by the aggrieved, injured workman or his dependents in the event of his death; (b) appeals by the employer from orders of the joint board in favor of injured or deceased workmen, which orders are adverse to the employer's classification and impose an added burden upon it; and (c) appeals by one of two or more groups of employers of different classes for the purpose of determining the amount of assessment to be levied against the respective classes in which each belongs, when employees of more than one employer, engaged in extrahazardous work, are killed or injured in a single transaction. This includes cases of the character now before us.

In the first class of appeals, designated in paragraph (a), the statute clearly provides for the payment of an attorney's fee to the attorney for the successful claimant who has appealed. This section of the statute has never been questioned by this court in so far as it relates to appeals by the injured workman or the dependents of a workman killed in employment.

In the class of appeals designated in paragraph (b), namely, appeals by the employer seeking relief from the burden of assessment against his class, following an award by the department where the controversy was between an injured workman or the dependents of a deceased workman and the department, this court has held that the statute permitting the allowance of an attorney's fee is applicable. In *St. Paul & Tacoma Lbr. Co. v. Department of Labor & Industries,* 19 Wn. (2d) 639, 144 P. (2d) 250, this court held that, where an appeal by an employer from a decision of the department of labor and industries results in the reversal or modification of the decision, the court is authorized by Rem. Supp. 1943, § 7697, to award a reasonable attorney's fee to the employer, payable out of the administrative fund.

We held that the question was foreclosed in *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579, wherein we said:

"Thus, so far as appeals were concerned, the employer and employee were virtually placed upon a parity. It is manifest that no distinction is made between employer and employee, except where an employer appeals from an order made under and by virtue of Rem. Rev. Stat., § 7683 [P. C. § 3477], in which case the employer must furnish a bond that he will fully comply with the judgment."

That the employer's right of appeal is confined to those cases which involve an employee's injury and award therefor by the department and an appeal therefrom by the employer, is very clearly evidenced by our further language in the foregoing case:

"It is urged that the only right of appeal given to an employer is by virtue of the Laws of 1917, chapter 120,

p. 477, § 2, Rem. Rev. Stat., § 7676. This section, it will be observed, refers to the fixing of rates to be charged the employer, the rates being based to a large extent on the number and kind of accidents that occur to the workmen of such employers.

"Should it be held that the employer has no right of appeal except by the provisions of the above section, he would find himself charged with certain accidents which would add to his cost experience without being given an opportunity to contest the same. Certainly, the employer could not dispute the rates under Laws of 1917, chapter 120, p. 474, on the ground that the original charge to his cost experience on account of his workmen having been injured was improper. Under such circumstances, the department would be in a position to answer that the claims had been allowed after a proper hearing and the amounts so allowed paid to the workmen."

The controlling distinction between cases referred to and the one before us is that, here, we have no question of the correctness of an allowance or award of compensation to any individual workman or his dependents, nor is issue joined as to the respective amounts thereof. Here, the employees of Boeing Aircraft Company and Frye & Company have all been paid from the accident fund, and it should be borne in mind that they were paid before the assessments for cost experience were levied by the department of labor and industries against the industry classified as aircraft manufacturing. Emphasis should be placed upon this fact, for there is no question here of an appeal from an order of the joint board awarding compensation to an individual workman on a claim of the workman or his dependents. The only controversy here is between the two employers who pay in contributions under the workmen's compensation act. The amount paid remains the same from the date of payment, for no dissatisfaction with the awards was expressed, nor appeal from the order allowing them taken, by any injured workman or dependent of a deceased workman of either of the employers.

In the original case, *Boeing Aircraft Co. v. Department of Labor & Industries*, 22 Wn. (2d) 423, 156 P. (2d) 640, Boeing maintained that the awards in behalf of the injured and

deceased workmen who were in the employ of Frye & Company should be charged to the meat-packing class. The department had assessed them against the aircraft manufacturing class.

Prior to our decision in the *St. Paul & Tacoma Lbr. Co.* case, *supra,* there never had been an award of a compensatory attorney's fee allowed to an employer, and no attorneys' fees up to that time had been allowed to anyone except attorneys for claimants who had alleged that they had been injured and who were finally successful in establishing their claims in court following appeal from an order of the joint board. The very purpose of allowing an attorney's fee in industrial accident cases primarily was designed to guarantee the injured workman adequate legal representation in presenting his claim on appeal without the incurring of legal expense or the diminution of his award, if ultimately granted, for the purpose of paying his counsel. We so stated in *Rehberger v. Department of Labor & Industries,* 154 Wash. 659, 662, 283 Pac. 185:

"The purpose of the law is to furnish an injured workman, who has been denied justice by the department, with competent counsel, without expense to him."

As heretofore stated, this case involves only the determination of rights as between two employers following allowance of awards for injuries and death occurring to their respective employees. There never was a controversy in this case between the injured employees or the dependents of a deceased employee of either of the employers as against the department. There was no controversy as to the right to an award or the allowance of a claim. Boeing Aircraft Company did not contest, at any stage of the litigation, the individual claim of any of its workmen or of Frye & Company's workmen. The Boeing Aircraft Company pursued its remedy under Rem. Rev. Stat. (Sup.), § 7676, which provides:

" . . . From the original classification or premium rating or any change made therein, any employer claiming to be aggrieved may appeal to the joint board and to the courts

in the manner provided in section 7697 of Remington's Revised Statutes."

■ ■ But, thorough perusal of that section indicates clearly that no provision has been made for the payment of the costs of attorney's fee of such aggrieved employer who appeals. The reason for this is that, in such cases, the appeal of the employer is for his own benefit. But the appeal under Rem. Supp. 1943, § 7697, which provides for the payment of an attorney's fee, is confined to cases where the amount of award, or allowance thereof, is in dispute, and the accident fund is affected. It recites that, if the accident fund is affected by the litigation, such [attorney's] fee, and the fees of medical and other witnesses and the costs, shall be payable out of the administrative fund. The procedure and rights thereunder are statutory, and the statute must be strictly construed.

Our final question, therefore, is: Was the accident fund affected by the litigation in *Boeing Aircraft Co. v. Department of Labor & Industries, supra*? Manifestly, it was not. The total of the claims paid from the accident fund of the department of labor and industries was fixed before that suit was instituted. There has been no increase or reduction of either the individual claims paid or the total awards. The effect upon the accident fund in dollars and cents was identically the same when all of the claimants had been paid, and the department determined that the assessment for cost experience should be against the aircraft manufacturing class, as it was when this court, in the decision referred to, reversed the department by holding that the cost experience should be assessed pro rata against the aircraft manufacturing class in proportion to the number of its killed employees and against the meat-packing class in proportion to the number of its deceased and injured employees. In short, the accident fund was neither changed nor affected by the decision of this court in the original *Boeing Aircraft Co.* case. This being so, no attorneys' fees were payable from the administrative fund.

To summarize, an attorney's fee is allowed when the injured workman successfully appeals and vindicates his

claim. This applies, of course, to the dependents of a deceased workman. We have also construed the statute to warrant the allowance of an attorney's fee to the employer's counsel when he successfully maintains an appeal from an order of the joint board awarding compensation to the workman. We have confined this to services performed in the superior court. *O'Brien v. Industrial Ins. Dept.*, 100 Wash. 674, 171 Pac. 1018.

Since we are unable to find statutory provision for the allowance of an attorney's fee to the successful litigant in a controversy between two employers whose respective employees were killed or injured simultaneously in one accident, we cannot arbitrarily make such an order. If we were to do so, it would not be binding upon the department of labor and industries or upon any other officer or department of state government.

For the foregoing reasons, the judgment of the lower court, embodying an order directing the department of labor and industries to pay the attorneys for the Boeing Aircraft Company, respondent herein, a four-thousand-dollar fee, is reversed.

BEALS, C. J., ROBINSON, and JEFFERS, JJ., concur.