[No. 33504. Department Two. March 22, 1956.]

BERT A. TRAPP, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Arthur S. W. Chantry, Assistant*, for appellant.

*Dana E. Harper, Nathan G. Richardson*, and *Lee J. Reynolds*, for respondent.

[1] Reported in 295 P. (2d) 315.

HILL, J.—This appeal raises the same question relative to the proper construction of RCW 51.52.130 (Laws of 1951, chapter 225, § 17, p. 693) as was presented in *Harbor Plywood Corp. v. Department of Labor & Industries,* No. 33448, filed this day, *ante* p. 553, 295 P. (2d) 310. We there hold that a workman or beneficiary who is successful in the superior court in resisting an appeal from a decision and order of the board of industrial insurance appeals and who secures an affirmance of the decision and order appealed from, is not entitled to an attorney's fee "payable out of the administrative fund of the department [of labor and industries]." RCW 51.52.130. The reason given is that the statute in question provides that an attorney's fee is payable from that fund only where "the decision and order of the board is reversed or modified."

 That holding is decisive of the present appeal, and that portion of the judgment of the trial court directing that an attorney's fee in the amount of $1,236.41 be paid by the department of labor and industries must be stricken.

In the great majority of cases, workmen and other beneficiaries receive the relief to which they are entitled under our workmen's compensation act without any need of the services of an attorney. The modest awards provided by that act are based, in part, upon the proposition that all questions of fault are eliminated and litigation is unnecessary to secure the "sure and certain relief" which the act is intended to provide for "workmen, injured in extrahazardous work, and their families and dependents." RCW 51.04.010 (Laws of 1911, chapter 74, § 1, p. 345). However, there are cases, such as the present, in which a workman or beneficiary does have to employ counsel in order to secure the relief to which he is entitled.

This is not an implied criticism of the department of labor and industries for rejecting applications for relief which in its opinion do not come under the act, have no merit, or are excessive in the relief requested. The fact that the department is successful, in whole or in part, in a substantial percentage of the cases which reach the courts, is justification

in itself. However, there seems much merit in the argument made in this case that, when a workman or beneficiary has to have legal representation at the appeal board, superior court, or supreme court level in order to obtain the relief to which he is ultimately determined to be entitled, the award so secured should not be diminished by the payment of attorney's fees.

In the *Harbor Plywood* case, *supra*, the employer put the widow of a workman to the expense of an appeal to the superior court and then to this court to establish her right to a widow's pension. In the present case, because we have heretofore held that the department of labor and industries has no right of appeal from decisions and orders of the board of industrial insurance appeals (*Department of Labor & Industries v. Cook* (1954), 44 Wn. (2d) 671, 269 P. (2d) 962), the department secured a review of the board's order and decision by certiorari. This resulted in the department's putting the workman to the expense of a superior court proceeding just as expensive as an appeal in order to establish finally his right to the relief awarded to him by the board of industrial insurance appeals.

Why the employer in the *Harbor Plywood* case, *supra*, or the department in the present case, should not be required to pay the claimant a reasonable attorney's fee, is far from clear; however, the statute we are called upon to construe *is* clear. The arguments which have been advanced in behalf of the widow in the *Harbor Plywood* case and by Mr. Trapp in the present case must of necessity be directed to the legislature.

The cause is remanded to the superior court, with instructions to modify the judgment by striking the portion thereof which purports to charge the department of labor and industries with any part of the attorney's fee awarded to Mr. Trapp.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.