[Nos. 46770, 46914-8. En Banc. July 2, 1981.]

EMMETT J. JOHNSON, *Respondent,* v. TRADEWELL STORES, INC., *Petitioner.*

ELIZABETH A. MAXWELL, *Petitioner,* v. ST. REGIS PAPER COMPANY, *Respondent.*

*Ryan, Swanson, Hendel & Cleveland,* by *David H. Oswald,* for petitioner Tradewell Stores.

*Gary W. Rentel* and *Rebecca Lacy,* for petitioner Maxwell.

*Graham & Cohen,* by *Norman W. Cohen,* for respondent Johnson.

*Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn,* by *Richard A. Jessup,* for respondent St. Regis Paper.

DOLLIVER, J.—The question before the court is whether employees who work for self–insured employers and who successfully appeal from the Board of Industrial Insurance Appeals to superior court are entitled to attorney and witness fees. The opinions of Division One and Division Two of the Court of Appeals are in conflict on this issue. *Johnson v. Tradewell Stores, Inc.*, 24 Wn. App. 53, 600 P.2d 583 (1979); *Maxwell v. Department of Labor & Indus.*, 25 Wn. App. 202, 607 P.2d 310 (1980). The cases have been consolidated for review by this court.

Plaintiff Emmett Johnson was injured while in the employ of defendant Tradewell Stores, Inc., a self–insured employer under RCW 51.14.010(2), .020 and .030. The Department of Labor and Industries denied his claim for permanent partial disability. The Board reversed the Department. Nevertheless, Johnson appealed. The Superior Court increased the award and authorized attorney and medical witness fees as well.

Tradewell appealed. The Court of Appeals, Division One, reduced the amount of the award, but sustained the allowance of attorney and medical witness fees to be paid from the Department's administrative fund on the basis of RCW 51.52.130.

Plaintiff Elizabeth Maxwell sustained an industrial injury while employed by respondent St. Regis Paper Company, a self–insured employer. The Department awarded her permanent partial disability and the award was affirmed by the Board. On appeal to the Superior Court, Maxwell received an increased award but was denied attorney and medical witness fees against St. Regis.

Maxwell appealed. The Court of Appeals, Division Two, affirmed the trial court on all issues on the basis of RCW 51.52.130.

The relevant portions of RCW 51.52.130 read as follows:

If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker . . . a reasonable fee for the services of the worker's . . . attor-

ney shall be fixed by the court. . . . If the decision and order of the board is reversed or modified and if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department.

In Washington, an employer may secure the payment of workers' compensation by "(1) Insuring and keeping insured the payment of such benefits with the state fund; or (2) Qualifying as a self–insurer under this title." RCW 51.14.010. Premiums to the state fund are paid to "accident and medical aid funds". RCW 51.16.035; 51.44.010, .020. Since these funds are the only source of benefits for employees whose employers are covered under the state system, any litigation which increased employee benefits would affect the accident fund. If an employer is self–insured, however, as authorized by RCW 51.14.010(2), .020 and .030, the benefits are paid directly to the employees by the self–insured employers. The accident fund is not affected under these circumstances and is not affected in the cases before us.

 Contrary to the assertion of the employers, this case does concern benefits. Although the term "benefit" is nowhere defined in the industrial insurance statutes (RCW Title 51), it is clear the term refers to payment or compensation paid to the injured worker or his beneficiaries. RCW 51.32. It refers to amounts of money received. The contention of the employers that attorney and witness fees are not benefits or compensation under the act misses the point. It is not the attorney and witness fees which are benefits; rather, it is the increased benefits received when those fees do not have to be paid by the worker. For any worker who qualifies to receive attorney and witness fees under RCW 51.52.130, the actual benefits obtained in the appeal will be increased pro tanto by the amount of attorney and witness fees the worker does not have to pay. Using this analysis, it is incontestable that the award of attorney and witness fees

under the provisions of RCW 51.52.130 does benefit the worker covered by industrial insurance.

█ Once the real nature of RCW 51.52.130 is correctly stated, it is readily apparent this case revolves around "benefits" or "compensation" of the type contemplated by RCW Title 51. This being so, a liberal construction is not only appropriate but mandatory. RCW 51.12.010. A recent unanimous decision of this court cited by the concurring opinion in Division One in *Johnson v. Tradewell Stores, Inc.*, 24 Wn. App. 53, 58, 600 P.2d 583 (1979), points the way. In *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 269, 595 P.2d 926 (1979), in another situation where there appeared to be a hiatus in the legislation, we said:

> Statutes should receive a sensible construction, such as will effect the legislative intention, and, if possible, so as to avoid unjust or absurd consequences. *State ex rel. Thorp v. Devin*, 26 Wn.2d 333, 173 P.2d 994 (1946). A thing which is within the object, purpose and spirit of an enactment is as much within the act as if it were within the letter. *In re Estates of Donnelly*, 81 Wn.2d 430, 502 P.2d 1163, 60 A.L.R.3d 620 (1972).

We do not believe it reasonably can be claimed that the "object, purpose and spirit" (*Whitehead*, at 269) of the industrial insurance act is to exclude workers whose only deficiency is the chance that their employers choose to be self–insured.

As we observed 50 years ago when construing the industrial insurance act:

> This court is committed to the doctrine that our workmen's compensation act should be liberally construed in favor of its beneficiaries. It is a humane law and founded on sound public policy, and is the result of thoughtful, painstaking and humane considerations, and its beneficent provisions should not be limited or curtailed by a narrow construction.

*Hilding v. Department of Labor & Indus.*, 162 Wash. 168, 175, 298 P. 321 (1931).

The next question to be considered is whether there is

denial of equal protection under U.S. Const. amend. 14 and Const. art. 1, § 12.

■ The legislature has wide discretion in designating classifications. But these classifications may not be "manifestly arbitrary, unreasonable, inequitable, and unjust" (*State ex rel. O'Brien v. Towne*, 64 Wn.2d 581, 583, 392 P.2d 818 (1964)), and reasonable grounds must exist for making a distinction between those within and those without the class. *Moran v. State*, 88 Wn.2d 867, 568 P.2d 758 (1977). Plaintiffs contend there is no reasonable basis for a classification between those workers whose employers are under the state system and those whose employers are self-insured, and that this classification is unconstitutional. We agree.

Is it reasonable to say that two workers, both of whom are entitled to industrial insurance, may be classified as to the receipt of benefits merely because one works for an employer covered by the state system and the other works for a self-insured employer? We think not.

RCW 51.12.010 declares:

> There is a hazard in all employment and it is the purpose of this title to embrace all employments which are within the legislative jurisdiction of the state.
> This title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment.

RCW 51.12.020 lists employments which shall not be included within the mandatory coverage of the title. These exclusions make no distinction as to the kind of industrial insurance coverage used by the employer but rather are directed to the nature of the employment of the worker. Thus, it is clear that, while the legislature has chosen to classify workers, it has done so on the rational basis of the nature of the employment and not the arbitrary distinction of whether the employer is a self-insurer or under the state system.

■ The provision for self–insurance which the legislature has granted (RCW 51.14) is to give the *employer* an option which can be exercised on the basis of economic or other considerations. It is not an option given to the employee. Safeguards are provided for the employee should an employer elect to become self–insured. Provisions are also made to protect the employee in the event of the default of a self–insurer. RCW 51.14.070. The whole thrust of RCW 51.14 is to make certain employees under this system have the same benefits as those covered by the state system. At no place in the statute is there any suggestion that employees who are employed by self–insurers are somehow to receive fewer benefits than those employees whose employers are under the state system. Nowhere in RCW Title 51 is there even a hint that the legislature intended some covered employees to be treated differently than others. The classification before the court and made by the legislature is of *employers*. It is a manifest injustice of the most egregious nature, and we hold it to be a violation of the equal protection clause of the Fourteenth Amendment and Const. art. 1, § 12 to classify one group of employees so that they receive fewer benefits than similarly situated employees simply because the employer chooses to be self–insured.

In both of the cases before us, the awards to plaintiffs were increased. If their employers had been covered under the state system, the attorney and witness fees would have been paid by the administrative fund. Under our foregoing analysis, the employees of self–insured employers are entitled to the same benefits. Since self–insured employers do in fact pay into the administrative fund (RCW 51.44.150; WAC 296–15–060), the applicable attorney and witness fees for these plaintiffs shall be paid from an administrative fund.

The Court of Appeals, Division One, is affirmed on *Johnson*.

The Court of Appeals, Division Two, is reversed on *Maxwell.*

ROSELLINI, UTTER, WILLIAMS, and DIMMICK, JJ., concur.

STAFFORD, J.—I dissent. The majority has achieved its end by asserting the statute should be liberally construed. However, "liberal construction" does not entitle a court to ignore a statute's plain language to reach a subjectively desired result. Unfortunately, in an effort to "do good" the majority has ignored the statute's key phrase. Such is not a proper judicial function. If, in fact, the statute should be amended to reach a more "just" result it should be done by the legislature, not by judicial legislation.

This court has consistently held reasonable attorney's and expert witness fees are recoverable only "when authorized by a private agreement of the parties, a statute, or a recognized ground of equity." *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 176, 570 P.2d 428 (1977) (attorney's fees); *Hsu Ying Li v. Tang,* 87 Wn.2d 796, 801, 557 P.2d 342 (1976) (attorney's fees and expenses); *Fiorito v. Goerig,* 27 Wn.2d 615, 619–20, 179 P.2d 316 (1947) (attorney's fees and expert witness fees). All parties agree that if attorney's and medical witness fees are to be awarded on appeal to superior court they must fall within the purview of RCW 51.52.130, which provides in relevant part:

> If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker . . . a reasonable fee for the services of the worker's . . . attorney shall be fixed by the court. . . . If the decision and order of the board is reversed or modified *and if the accident fund is affected by the litigation* then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department.

(Italics mine.)

RCW 51.52.130 is the source for granting attorney's and

medical witness fees in excess of ordinary statutory fees. *Boeing Aircraft Co. v. Department of Labor & Indus.*, 26 Wn.2d 51, 173 P.2d 164 (1946); *Ellis v. Department of Labor & Indus.*, 88 Wn.2d 844, 567 P.2d 224 (1977). The authorization is not unlimited, however. RCW 51.52.130 contains three specific requirements which must be satisfied before fees can be awarded. First, there must be an appeal to the superior court. *O'Brien v. Industrial Ins. Dep't,* 100 Wash. 674, 171 P. 1018 (1918). Second, a board order must be reversed or modified. *Boeing Aircraft Co. v. Department of Labor & Indus., supra.* Third, the accident fund must be affected by the litigation. *Borenstein v. Department of Labor & Indus.,* 49 Wn.2d 674, 306 P.2d 228 (1957).

Clearly the first and second requirements have been met. However, it is equally clear the requirement that the accident fund be affected by the litigation has not been satisfied. Indeed the majority states as much: "The accident fund is not affected under these circumstances and is not affected in the cases before us." Majority opinion, at 742.

In Washington, employers may guarantee payment of employee compensation benefits either by insuring with the state fund or by qualifying as a self–insurer. RCW 51.14-.010. The statute–insured employer pays premiums pursuant to an established classification system thence into the "accident and medical aid funds". RCW 51.16.035; RCW 51.44.010. It is evident the accident fund would have been affected for the purpose of RCW 51.52.130 in cases involving such state–fund insured employers because the "accident and medical aid funds" comprise the ultimate source of compensation for their injured employees. An entirely different case is presented where, as here, the employer is *self–insured,* a status authorized by RCW 51.14.010(2), .020 and .030 for employers who demonstrate sufficient financial ability to make prompt compensation payments *from their own resources.* RCW 51.14.020(1). The benefits in both cases before the court were paid *directly* by self–insured employers; the State's accident fund was not affected in any manner by the instant litigation. RCW 51.08.173.

The employees offer two arguments in support of their position, neither of which has merit. First, they assert that while self–insured employers do not contribute to the State accident fund, RCW 51.14.020 requires them to maintain an escrow account to assure payment of employee benefits in cases of default. Thus, they reason the account is similar in nature to the State accident fund and would be similarly affected by an increased award. The analysis is erroneous for a number of reasons.

Unlike the State accident fund which is supported by statutorily required premiums from all State insured employers, the escrow account authorized by RCW 51.14-.020 comes into existence only if the department director is not satisfied with a self–insured employer's ability to make prompt payment of all compensation under the act. RCW 51.14.020(1), (2). If, however, the director is satisfied with the financial ability of the self–insured employer, such employer may qualify without ever having established an escrow account. Consequently, the escrow account is clearly not analogous to the State accident fund.

The lack of analogy is evident in another way. In the case of State insured employers, increased benefits are paid directly from the State accident fund. On the other hand, the escrow account may be invaded only when and if a self–insured employer defaults on an order to compensate an employee. RCW 51.14.060 and .070. Accordingly, as long as a self–insured employer promptly pays awarded benefits, or increases thereto, the escrow account is not affected.

In the instant case we are not informed whether either self–insured employer had an escrow account, and if they did whether the self–insured employers failed to pay any ordered benefits or increases thereto. Thus, even if the analogy were tenable, we do not know whether any escrow account was affected in these cases.

The analogy fails for still another reason. A careful review of RCW Title 51 reveals the term "accident fund" is used as a distinctive, carefully expressed term of art. It is not employed in a manner to permit or invite an undesired

overlap or joinder of another meaning. Accordingly, the narrow scope of the term compels me to reject the employees' reliance on the escrow fund as an analogy.

In support of the employees' position, it is argued that RCW 51.52.130 must be liberally construed in favor of injured employees and that a liberal construction would permit equating attorney's and witness fees with "benefits" and "compensation" as those terms are used in the act. The majority agrees, but I cannot. The assumption that attorney's and witness fees are "benefits" under the act is wholly unsupported by any statutory or case authority.

I am aware of no provision in the act and have been informed of no decisions wherein attorney's and witness fees are treated as either "benefits" or "compensation". Those terms normally refer to monetary awards for death, disability, medical treatment and vocational rehabilitation. *See* RCW 51.32. But for RCW 51.52.130, no employee would be entitled to an allowance for attorney's and witness fees except for mere technical court costs.

Since attorney's and witness fees have not been equated with "benefits" or "compensation" by either statute or case law (prior to this case), RCW 51.52.130 is not entitled to the liberal construction suggested by the employees. Quite to the contrary, this court has heretofore consistently given RCW 51.52.130 a strict construction and has held the phrase "if the accident fund is affected" to mean precisely what is says, *i.e.,* there must be a direct dollar and cents impact upon the accident fund. *Borenstein v. Department of Labor & Indus., supra* at 676–77; *Trapp v. Department of Labor & Indus.,* 48 Wn.2d 560, 562, 295 P.2d 315 (1957); *Harbor Plywood Corp. v. Department of Labor & Indus.,* 48 Wn.2d 553, 295 P.2d 310 (1956); *Boeing Aircraft Co. v. Department of Labor & Indus., supra* at 88.

The majority suggests that to deny injured workers the fees in question would be unfair and contrary to the legislative purpose of RCW 51.52.130. I am compelled to disagree. Whether such fees are to be paid directly by self–insured employers or from some state fund upon an

employee's receipt of increased benefits in superior court is a matter of policy to be directed to and determined by the legislature. *Trapp v. Department of Labor & Indus., supra.* The legislature has not indicated that such fees should be paid under the attendant circumstances.

It should not be overlooked that the language at issue in RCW 51.52.130 has not been significantly altered since its enactment in 1911. It was not amended when the legislature first authorized the self–insured status in 1971. Although numerous provisions of the act have been amended since 1971 to make reference to self–insurance, RCW 51.52.130 has never been so amended. Additionally, it is noteworthy that in two recent sessions of the legislature, amendments to RCW 51.52.130 were proposed for the purpose of specifically providing fee recovery for employees of self–insured employers. Neither bill passed. *See* House Bill 632, 46th Legislature (1979); Substitute House Bill 1605, 46th Legislature (1980).

I would hold that Maxwell and Johnson, employees of self–insured employers, are not entitled to recover attorney's and medical witness fees. The increased benefits obtained on appeal to superior court did not affect the accident fund as required by RCW 51.52.130.

Such a holding has not been shown by the employees or the majority opinion to deny equal protection in violation of the fourteenth amendment to the federal constitution or article 1, section 12 of the state constitution.

First, that issue is not properly before us for review. Employee Johnson has furnished us with no facts, law or argument on this issue. Instead, we are presented with a bare, undeveloped assertion. It is not our function to construct an argument on his behalf when he has failed to do so himself. *In re Marriage of Croley,* 91 Wn.2d 288, 294, 588 P.2d 738 (1978); *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977). Further, to do so would be fundamentally unfair to the other party which was never given a meaningful opportunity to refute that argument. Employee Maxwell

challenges the constitutionality of RCW 51.52.130 as facially discriminatory for the first time on appeal. Normally this court has correctly refused to consider an issue raised in this manner. *See, e.g., State v. Wicke,* 91 Wn.2d 638, 642, 591 P.2d 452 (1979); *Bradbury v. Aetna Cas. & Sur. Co.,* 91 Wn.2d 504, 512, 589 P.2d 785 (1979); *Seattle-First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 240, 588 P.2d 1308 (1978). We are thus presented with an inadequate record on appeal.

Second, I cannot agree that the employees have sustained the burden of showing the classification fails to rest upon a reasonable basis and is essentially arbitrary. As this court has said many times:

> It is recognized that classifications must be made and that in making them, dividing lines must be drawn some place. Thus, the question is not whether there is in fact some discrimination, but rather whether the discrimination is justified.
>
> Neither the equal protection clause nor the privileges and immunities clause requires perfection in legislative classification. Within the limits of the restrictive rules that have been enumerated, the legislature has a wide measure of discretion in designating classifications. A statutory enactment cannot be successfully attacked unless the discrimination or inequality produced by the particular classification is manifestly arbitrary, unreasonable, inequitable and unjust.
>
> *When a statutory classification is challenged, if any state of facts reasonably can be conceived that will sustain it, there is a presumption that such facts exist. The burden is upon the one who assails the classification of showing that it fails to rest upon any reasonable basis and is essentially arbitrary.*
>
> (Citations omitted.) *See Markham Advertising Co. v. State,* 73 Wn.2d 405, 439 P.2d 248 (1968); *Sparkman & McLean Co. v. Govan Inv. Trust,* 78 Wn.2d 584, 478 P.2d 232 (1970); and *Caughey v. Employment Security Dep't,* 81 Wn.2d 597, 503 P.2d 460 (1972).

(Italics mine.) *Washington State School Directors Ass'n v. Department of Labor & Indus.,* 82 Wn.2d 367, 376–77, 510 P.2d 818 (1973), quoting from *State v. Persinger,* 62 Wn.2d

362, 368–69, 382 P.2d 497 (1963). *See also Yakima County Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 601 P.2d 936 (1979); *Moran v. State,* 88 Wn.2d 867, 568 P.2d 758 (1977).

> [E]qual protection does not require that a state choose between attacking every aspect of a problem and not attacking the problem at all. *Washington Statewide Organization of Stepparents v. Smith,* 85 Wn.2d 564, 571, 536 P.2d 1202 (1975). The legislature has the discretion not to deal with an evil or class of evils all within the scope of one enactment, but to approach the problem piecemeal and learn from experience.

*State v. Kent,* 87 Wn.2d 103, 111, 549 P.2d 721 (1976). Accordingly, the legislature's failure to award attorney's and witness fees to *all* employees covered by the act does not necessarily result in an invalidation of RCW 51.52.130 because it awards such fees to some.

Finally, it should be noted that the legislature unambiguously distinguishes between employees of state–insured employers and self–insured employers in the industrial insurance act. Under RCW 51.16.140 employees of state-insured employers must pay one–half of the premium for medical benefits. Self–insurers are expressly precluded by the same section from obtaining a comparable contribution from their employees. Under the majority's broad definition of "benefit", looking as it does solely at money–in–the–pocket, this is a benefit obtained by only one group of employees, granted "merely because one works for an employer covered by the state system and the other works for a self–insured employer". Majority opinion, at 744.

Employees of self–insured employers are also given the right to exact a 25 percent penalty against the employer if there is an "unreasonable delay or refusal" to pay benefits, RCW 51.48.017, which could be used as pressure in negotiations. *See also* RCW 51.32.190 which outlines special procedures for self–insureds in handling claims. Given these distinctions between the two classes, a reasonable basis can be conceived for the legislative determination that the

classes should also be distinguished insofar as an award of attorney's and witness fees is concerned. Such a reasonable basis is all that is necessary to support constitutionality.

I respectfully dissent.

BRACHTENBACH, C.J., HICKS, J., and RYAN, J. Pro Tem., concur with STAFFORD, J.

Reconsideration denied September 30, 1981.