[No. 43005-0-I. Division One. November 29, 1999.]

BANG D. NGUYEN, *Appellant*, v. THE DEPARTMENT OF HEALTH, MEDICAL QUALITY ASSURANCE COMMISSION, *Respondent*.

*Ralph A. Alfieri* of *Law Offices of Ralph A. Alfieri*, for appellant.

*Christine O. Gregoire, Attorney General*, and *David M. Hankins, Assistant*, for respondent.

WEBSTER, J. — Appellant Bang D. Nguyen appeals the superior court's affirmance of findings of fact, conclusions of law, and final order issued by the Department of Health, Medical Quality Assurance Commission. The Commission found that Nguyen had committed unprofessional conduct and revoked his license to practice medicine with no right

to reapply for a minimum of five years. The three primary issues presented by Nguyen's appeal are: (1) did the Commission apply the correct burden of proof to this medical disciplinary proceeding; (2) are the Commission's findings of fact supported by substantial evidence in the record; and (3) is the Commission's disciplinary action arbitrary and capricious? We find that: (1) application by the Commission of the preponderance of the evidence burden of proof did not violate due process or equal protection; (2) the Commission's findings are supported by substantial evidence in the record; and (3) the Commission's discipline is not arbitrary and capricious where its primary charge is to protect the health of the public. We decline to address Nguyen's remaining contentions. Thus, we affirm.

## BACKGROUND

On April 22, 1989, Nguyen and the Medical Disciplinary Board, predecessor to the Commission, entered a stipulation and agreed final order, which found that Nguyen had provided medical care that fell below acceptable standards and created an unreasonable risk of harm to a patient. Nguyen's license was suspended, but the suspension was stayed provided that Nguyen comply with stated terms and conditions. Nguyen's practice was subsequently monitored.

On November 17, 1994, charges were issued against Nguyen alleging unprofessional conduct toward 20 patients, confidentially identified. The Commission issued an agreed order for assessment and evaluation of Nguyen's medical skills.

On October 11, 1996, the Commission issued an amended statement of charges that added the allegation that the ordered assessment demonstrated that Nguyen's practice of medicine created an unreasonable risk of harm to patients and added two more patients to the prior list.

On December 16, 1996, the Commission issued an ex parte Notice and Order of Summary Suspension based on new allegations that Nguyen engaged in sexual misconduct

toward three female patients. A prompt hearing was held on February 13, 1997, to consider the limitations of the summary suspension. Robert Miller, M.D., testified in rebuttal for the Department. The Commission stayed the suspension pending a hearing on the merits provided that Nguyen complied with stated conditions, including a requirement that a chaperone be present during the entire physical examination of all female patients.

A six-day hearing was held on the merits. Health Law Judge Arthur E. DeBusschere presided and the Commission panel members in attendance included four medical doctors and one public member. Nguyen was represented by counsel. Numerous witnesses for both sides testified and voluminous exhibits were introduced. Witnesses included, among others, the doctors who had been enlisted to monitor Nguyen's practice and the three female patients toward whom Nguyen was accused of committing sexual misconduct. Among the exhibits included were the medical records for over 20 patients, the report of the ordered assessment of Nguyen's skills, and a videotape of Nguyen's performance at the assessment.

The Commission issued Findings of Fact, Conclusions of Law, and Final Order on September 9, 1997. The Commission found that Nguyen did not have the skills necessary to safely practice medicine, failed to comply with conditions of the 1989 Agreed Order, and committed sexual misconduct toward three female patients. The Commission concluded that Nguyen's conduct constituted unprofessional conduct and revoked Nguyen's license to practice medicine with no right to reapply for a minimum of five years.

The superior court affirmed the Commission.

## STANDARD OF REVIEW

Licensing and disciplinary procedures for the health professions are established by the Uniform Disciplinary Act (UDA). *See* RCW 18.130.010. The UDA specifies that all adjudicative proceedings are governed by the Administrative Procedure Act (APA). *See* RCW 18.130.100.

The APA delineates judicial review of administrative agency actions. *See* RCW 34.05.570(3)(a)-(i). For purposes of the issues presented in this case, we may grant relief from the Commission's order only if we determine that:

(a) The order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;

. . .

(d) The agency has erroneously interpreted or applied the law;

(e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter;

. . .

(i) The order is arbitrary or capricious.

RCW 34.05.570(3). Our review is based on the administrative record before the Commission, not on the superior court record. *See City of Redmond v. Central Puget Sound Growth Management Hearings Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998). Nguyen bears the burden of showing that the Commission's action was not valid. *See* RCW 34.05-.570(1)(a). Relief under RCW 34.05.570(3)(d) for erroneous interpretation and application of the law is reviewed de novo. *See Central Puget Sound*, 136 Wn.2d at 46. "We accord deference to an agency interpretation of the law where the agency has specialized expertise in dealing with such issues, but we are not bound by an agency's interpretation of a statute." *Id.* Substantial evidence under RCW 34.05-.570(3)(e) is that which is sufficient to persuade a fair-minded person of the truth of the factual finding. *See id.* We do not weigh credibility or substitute our judgment for that of the agency. *See US W. Communications, Inc. v. Utilities & Transp. Comm'n*, 134 Wn.2d 48, 62, 949 P.2d 1321 (1997). For purposes of subsection (3)(i), arbitrary and capricious agency action is "willful and unreasoning

action, taken without regard to or consideration of the facts and circumstances surrounding the action." *Central Puget Sound*, 136 Wn.2d at 46-47 (internal quotation marks omitted). If there are two plausible opinions, agency action is not arbitrary and capricious. *See id.* at 47.

## ANALYSIS

### A Preponderance of the Evidence Burden of Proof in Medical Disciplinary Proceedings Is Appropriate

The legislature has determined that medical disciplinary proceedings are governed by the APA. *See* RCW 18.130.100. Both the UDA and the APA are civil statutes. Disciplinary action by the Commission is clearly civil in nature. The ordinary burden of proof to resolve a dispute in a civil administrative proceeding is by a preponderance of the evidence unless otherwise mandated by statute or due process. *See Thompson v. Department of Licensing*, 138 Wn.2d 783, 797, 982 P.2d 601 (1999).

■ Under the UDA, the legislature has delegated to the Department of Health the power to adopt rules necessary to carry out its disciplinary functions. *See* RCW 18.130-.050(1); RCW 18.71.010. The Department of Health established the preponderance of the evidence burden for all cases. *See* WAC 246-10-606. The legislature has not acted to change this rule since it became effective in 1993. We therefore presume that the legislature intends the preponderance of the evidence burden to apply to medical disciplinary proceedings.

Nguyen argues that application of a preponderance of the evidence burden of proof to medical disciplinary proceedings violates the equal protection and due process guarantees of the United States and Washington constitutions. He asserts that these constitutional principles require application of a clear and convincing burden of proof. The states that have addressed this issue are split. *Compare, e.g., In re Revocation of the License of Polk*, 90 N.J. 550, 449 A.2d. 7, 16-17, 19 (1982) (finding that applica-

tion of the preponderance of the evidence burden of proof to medical disciplinary proceedings does not violate due process or equal protection), *with Johnson v. Board of Governors of Registered Dentists*, 1996 OK 41, 913 P.2d 1339, 1347 (Okla. 1996) (due process requires application of a clear and convincing burden); *see also Anonymous v. State Bd. of Med. Examiners*, 329 S.C. 371, 496 S.E.2d 17, 20 n.4 (1998) (collecting cases).

The clear and convincing standard is applied where the threatened loss due to a civil proceeding is comparable to the loss of liberty in a criminal proceeding. *See Addington v. Texas*, 441 U.S. 418, 432-33, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979) (holding that due process requires application of a clear and convincing standard to civil commitment proceedings). Furthermore, a clear and convincing standard applies where "the individual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money.' " *Santosky v. Kramer*, 455 U.S. 745, 756, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (holding that the clear and convincing standard is required in proceedings to terminate parental rights). A clear and convincing standard has also been held necessary where a government-initiated proceeding threatens an individual with stigma. *See id.*

### 1. Due Process

■ A due process analysis requires us to balance three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

Looking first to the private interest involved here, we recognize that it is substantial. The revocation of a medical

license is not only an economic loss but also damaging to professional and personal reputation. It is not extreme to say that the revocation of a medical license carries a stigma.

We turn next to the government's interest. The legislature established the Commission to "regulate the competency and quality of professional health care providers." RCW 18.71.002. "Rules, policies, and procedures developed by the commission must promote the delivery of quality health care to the residents of the state of Washington." RCW 18.71.002. The legislature's declared purpose in disciplining licensed physicians is to protect the public:

> This chapter is passed:
>
> (1) In the exercise of the police power of the state to protect public health, to promote the welfare of the state, and to provide an adequate public agency to act as a disciplinary body for the members of the medical profession licensed to practice medicine and surgery in this state;
>
> (2) Because the health and well-being of the people of this state are of paramount importance;
>
> (3) Because the conduct of members of the medical profession licensed to practice medicine and surgery in this state plays a vital role in preserving the health and well-being of the people of the state; . . . .

RCW 18.71.003. This stated purpose gives the Commission a "legislative mandate to pursue vigorously its disciplinary task." *Haley v. Medical Disciplinary Bd.*,[1] 117 Wn.2d 720, 727, 818 P.2d 1062 (1991). Thus, we find that the government's interest in protecting the public is weighty.

Finally, we examine the risk of erroneous deprivation. Judging from the record before us, the procedures established for review of alleged physician misconduct appear to provide for a careful and deliberate determination. Nguyen had an ample and fair opportunity to be heard at a six-day hearing. The adversarial hearing was conducted by a health law judge. Nguyen was represented by counsel. The fact-

---

[1]The Medical Disciplinary Board was predecessor to the Commission.

finding and decision-making panel included four physicians, who had special expertise to understand the nature of the subject matter. The hearing was recorded. The Commission issued extensive findings of fact and conclusions indicative of a deliberate decision-making process. We find that there is not a substantial risk of inaccurate findings or erroneous conclusions and that increasing the burden to clear and convincing would decrease the risk minimally.

In conclusion, we find that the declared governmental interest in protecting the public and the comparatively low risk of erroneous deprivation outweigh the private interest. That is, we find that application of the preponderance of the evidence burden does not violate due process.

*2. Equal Protection*

Nguyen's equal protection argument is based upon the application of a clear and convincing burden of proof to attorney disciplinary proceedings. He asserts that application of a less stringent burden to medical disciplinary proceedings is a classification that violates equal protection. No suspect class or fundamental right is involved here. Thus, the legislature's classification in this case does not violate equal protection if it is reasonable and rationally related to a legitimate governmental interest. *See Griffin v. Eller,* 130 Wn.2d 58, 65, 922 P.2d 788 (1996).

"The legislature has wide discretion in designating classifications." *See Johnson v. Tradewell Stores, Inc.,* 95 Wn.2d 739, 744, 630 P.2d 441 (1981). A state is free to "deal with the different professions according to the needs of the public in relation to each." *Semler v. Oregon Bd. of Dental Examiners,* 294 U.S. 608, 610, 55 S. Ct. 570, 79 L. Ed. 1086 (1935). This is particularly true where the regulations are created by separate branches of the government. *See In re Grimm,* 138 N.H. 42, 635 A.2d 456, 462 (1993) (collecting cases). The Washington State Supreme Court has responsibility for the administration of attorney discipline, but the legislature regulates physicians. *See* RLD 2.1; RCW 18.71.

The legislature's choice to allow a different burden

of proof for the health profession than for the legal profession is reasonable and rationally related to the legislature's legitimate purpose of protecting the public health. The legislature is justified in providing a less stringent burden of proof in proceedings involving the licenses of those who daily engage in life and death concerns. *See Polk*, 449 A.2d at 18. The New Hampshire Supreme Court provided two other justifications for differing standards for attorneys and physicians. *See Grimm*, 635 A.2d at 462. First, the difficulty of proof in allegations of physician misconduct is likely greater where often the only parties present to witness misconduct are the physician and the patient, and records are made primarily by the physician; in contrast, much of the attorney's work is carried out in the courtroom or in the presence of opposing counsel, and typically an extensive paper trail is created. *See id.* Second, attorneys are involved in a process where there is often a losing party; thus, the higher burden of proof serves to weed out frivolous claims. *See id.*

Thus, we conclude that application of the preponderance of the evidence burden of proof to medical disciplinary proceedings does not violate due process or equal protection and is an appropriate standard.

The panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports but will be filed for public record in accord with RCW 2.06.040, it is so ordered.

AGID, A.C.J., and GROSSE, J., concur.

Review granted at 141 Wn.2d 1001 (2000).