CHARLES H. BARCLAY *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 4—decided March 17, 1953

*James F. Rosen,* with whom, on the brief, was *Peter Marcuse,* for the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellee (defendant).

O'SULLIVAN, J. This is an appeal from a judgment of the Superior Court which affirmed an award of the unemployment commissioner denying the plaintiff's claim for unemployment benefits.

The facts are uncontested. On January 31, 1951, after twenty-seven years' service, the plaintiff severed his employment with the Knights of Columbus, hereinafter called the employer. On May 1, 1947, the employer had established a retirement plan for its employees and, from its own resources, had created a fund which was ample to meet the actuarial demands of the plan up to that time. Thereafter, both the employees and the employer were required to contribute, the former regularly paying 5 per cent of their wages into the fund and the latter more than matching each such payment.

The plaintiff became sixty-five years old on December 5, 1949. Although eligible at that time to retire on a pension, he waited until January 31, 1951, before terminating his employment. His contributions to the fund from the date of its establishment were $659.70, and those of the employer made during the same period for the plaintiff's benefits were $1002.74. The amount which the employer had originally paid into the fund for the plaintiff's service benefits, based on his twenty-odd years of employment prior to May 1, 1947, was $16,968. Since he quit work, the plaintiff has received a monthly pension of $155, and he will continue to receive it as long as he lives. He is also paid $102 monthly under the Social Security Act.

On February 4, 1951, the plaintiff registered for work with the state employment service. At all times since January 31, 1951, he has been available for work. His various claims for unemployment compensation were denied by the commissioner except

in certain instances not pertinent to this appeal. The question for determination is whether the Superior Court was correct in upholding the commissioner's ruling that the plaintiff was ineligible for benefits.

Section 7508 of the General Statutes provides that "[a]n individual shall be ineligible for benefits . . . (4) during any week with respect to which [he] has received or is about to receive remuneration in the form of . . . any payment by way of compensation for loss of wages." In the recently decided case of *Kneeland* v. *Administrator,* 138 Conn. 630, 88 A.2d 376, we held (p. 633) that a pension is a payment by way of compensation for loss of wages within the meaning of § 7508 and (p. 635) that the pension disqualifies any recipient whose claim for benefits under the act is based upon his lack of employment with the payer of the pension.

The plaintiff attempts to escape from that holding, at least in part, because, he maintains, in the case at bar he made contributions to the fund, while in the *Kneeland* case the claimant had made none. The plaintiff's point is that the holding is inapplicable until there has first been paid to him out of the fund the $659.70 which he paid into it. Until that occurs, he says, each monthly payment is merely the returning to him of his own money and, therefore, cannot be a "payment by way of compensation for loss of wages."

The fallacy of this argument lies in the ignoring of the method by which the amount of the monthly pension is calculated. It is not determined on the basis of the plaintiff's contributions but rather on the contributions of both employee and employer. In other words, each pension payment is larger because of the latter's contributions. It necessarily follows that the first $659.70 received by the plaintiff was

not entirely a return of his own money. At least to the extent to which each payment has been increased because of the employer's contributions, it was one "by way of compensation for loss of wages" within § 7508. The Superior Court was correct in affirming the commissioner's award.

There is no error.

In this opinion the other judges concurred.