[No. 42138. En Banc. November 22, 1972.]

EVERS E. CAUGHEY, *Respondent*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant.*

ARTHUR C. FORD, *Respondent*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant.*

OWEN V. DURKIN, *Respondent*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant.*

*Slade Gorton, Attorney General, Joseph M. Littlemore* and *Daniel C. Rooney, Assistants,* for appellant.

STAFFORD, J.—Three cases are consolidated in this appeal. Respondents are retired federal civil employees who receive federal civil service retirement pensions. Each filed a claim for unemployment benefits after the enactment of RCW 50.04.323(1). The claim of each was denied after an initial determination that under RCW 50.04.323(1) each was receiving "remuneration" in excess of his potential weekly unemployment benefit. This was held to make them ineligible for unemployment benefits under RCW 50.04.310 and RCW 50.20.010. RCW 50.04.323(1) provides:

> Any payments which an individual has claimed, is receiving or has received under a government and/or a private retirement pension plan, to which a base year employer has contributed on behalf of such individual, *shall be deemed remuneration* under this title for the purpose of determining eligibility and the amount of weekly benefits to which such an individual is entitled: *Provided,* That in no event will old age and survivors insurance benefits, under the provisions of Title II of the federal social security act, as amended, serve to reduce an individual's weekly benefit amount.

(First italics ours.)

Respondents appealed unsuccessfully through administrative channels. Thereafter, they appealed to the superior court, where their cases were consolidated.

The superior court declared RCW 50.04.323(1) to be unconstitutional because, in setting eligibility requirements for unemployment compensation, it was said to violate both the privileges and immunities clause of the state constitution and the equal protection clause of the federal constitution. The trial court held that the statute unreasonably discriminates against persons who receive pensions from plans to which a base year employer has contributed as

opposed to those who receive benefits exclusively from old age and survivors insurance under Title 2 of the federal Social Security Act, 42 U.S.C. § 401 *et seq.* (1965) (hereinafter referred to as OASI). In addition, the trial court held that even if RCW 50.04.323(1) is constitutional, the statutory phrase "to which a base year employer has contributed on behalf of such individual" modifies the word "payments" and not the word "plan". Thus, it was reasoned, pension benefits cannot be considered "remuneration", within the meaning of RCW 50.04.323(1), until an employee's capital contribution to the pension plan has been exhausted. The department appeals.

■ We deal with the constitutional question first. Article 1, section 12 of the state constitution prohibits the granting of special privileges and immunities. The fourteenth amendment to the federal constitution guarantees equal protection of the laws. In order to successfully attack legislative classifications under either constitutional provision, however, it must be shown that there are no reasonable and justifiable grounds giving rise thereto. *Sparkman & McLean Co. v. Govan Inv. Trust,* 78 Wn.2d 584, 588, 478 P.2d 232 (1970). In short, statutory classifications which have some *reasonable basis* do not offend the privileges and immunities clause or the equal protection clause. *Sparkman & McLean Co. v. Govan Inv. Trust, supra; Dandridge v. Williams,* 397 U.S. 471, 485, 25 L. Ed. 2d 491, 90 S. Ct. 1153 (1970).

■ Where the state administers finite resources " '[a] statutory discrimination will not be set aside if *any state of facts* reasonably may be conceived to justify it.' " (Italics ours.) *Dandridge v. Williams, supra.* In the case at hand, the unemployment compensation fund is clearly a finite resource. The fact that the federal government reimburses the state for unemployment compensation paid to terminated federal employees does not make the resource infinite. But for RCW 50.04.323(1) the fund would be subjected to unemployment claims by others, for which the state would not be entitled to reimbursement. Thus, there

is a reasonable state of facts to justify the classification on this ground alone.

 The trial court concluded, and respondents contend, that there is no reasonable or justifiable basis for the statutory discrimination between pension payments from a fund to which a base year employer has contributed and OASI benefits. The assertion is apparently based upon an assumption that there is no essential difference between the federal civil service retirement system and the OASI program. Thus, it is argued, no difference should be accorded to payments made under either system for the purpose of determining eligibility for unemployment compensation.

The assumption is ill-founded. Although superficial similarities exist between pension or retirement plans to which a base year employer has contributed and OASI, the nature and purpose of the two systems are essentially different.

We have repeatedly held that payments under government pension plans are a form of *deferred compensation* for past services rendered to the employer. *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964); *Bakenhus v. Seattle,* 48 Wn.2d 695, 296 P.2d 536 (1956). Since RCW 50.04.320 defines "remuneration" under the Employment Security Act as *"all compensation* paid for personal services" (italics ours), the treatment of pension payments in RCW 50.04.323(1) as "remuneration" is both logical and reasonable. *See generally* Annot., 32 A.L.R.2d 901 (1953).

On the other hand, OASI payments are not a form of deferred compensation, but rather constitute benefits under a unique federal social insurance program. *Flemming v. Nestor,* 363 U.S. 603, 4 L. Ed. 2d 1435, 80 S. Ct. 1367 (1960). *See also Moore v. Board of Review,* 165 Ohio St. 526, 138 N.E.2d 245 (1956); David, *Old-Age, Survivors, and Disability Insurance: Twenty-five Years of Progress,* 14 Ind. & Lab. Rel. Rev. 10, 11 (1960); Brown, *The Development of the Old-Age Insurance Provisions of the Social Security Act,* 3 Law. & Contemp. Prob. 186, 189-93 (1936). In *Flemming* the court stated at pages 609-10:

*The Social Security system may be accurately described as a form of social insurance,* enacted pursuant to Congress' power to "spend money in aid of the 'general welfare,' " *Helvering v. Davis* [301 U.S. 619, 81 L. Ed. 1307, 57 S. Ct. 904 (1937)], *supra,* at 640, whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependents. Plainly the expectation is that many members of the present productive work force will in turn become beneficiaries rather than supporters of the program. But each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that *the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity,* whose right to benefits is bottomed on his contractual premium payments.

(Italics ours.)

We agree with the United States Supreme Court. Pension plans are essentially annuity programs whereby employers and employees, pursuant to the contract between them, contribute to a fund in which the employees' rights vest at the time they enter employment. The contractual nature of the pension system makes pension payments deferred compensation subject to federal income taxation to the extent not previously taxed. Int. Rev. Code of 1954, § 72; Treas. Reg. § 1.61-11(a) (1965).

On the other hand, no contract exists between the federal government and a worker covered by OASI. *Flemming v. Nestor, supra.* The OASI trust fund is made up of appropriations by Congress from the general tax revenue in amounts equivalent to the proceeds from the payroll tax on employers and employees. 42 U.S.C. § 401 (1965). Unlike pensions, employees have no vested rights in the OASI fund, and the benefits paid out of the fund are exempt from federal income tax. Treas. Reg. § 1.61-11(b) (1965).

These differences accentuate the purpose of OASI which is to provide a bedrock of financial security to workers and

their dependents against loss due to old age, death or disability. *Social Sec. Bd. v. Nierotko*, 327 U.S. 358, 364, 90 L. Ed. 718, 66 S. Ct. 637 (1946); *Helvering v. Davis*, 301 U.S. 619, 641, 81 L. Ed. 1307, 57 S. Ct. 904 (1937). Since OASI is in no sense a form of deferred compensation, it is reasonable and logical for the legislature to exempt OASI benefits in determining an individual's eligibility under the Employment Security Act.

We are satisfied that there is a reasonable basis for the statutory classification in RCW 50.04.323 (1). The statute is constitutional.

We next address the construction of RCW 50.04.323 (1). The trial court held that the relative clause "to which a base year employer has contributed on behalf of such individual" modifies the antecedent word "payments" rather than "plan." The court reasoned that the pension payments being received by respondents were not contributed by the base year employer because they represented a return of capital, *i.e.*, the return of the contributions to the pension fund made by respondents. Consequently, the court concluded these payments did not amount to "remuneration" within the meaning of RCW 50.04.323 (1).

■■ We do not agree. Our reading of the statute compels us to conclude that the relative phrase in question modifies the word "plan" not "payments." This construction comports with the ordinary rules of grammar and statutory interpretation that where no contrary intention appears in a statute, relative and qualifying words and phrases refer to the last antecedent. *Davis v. Gibbs*, 39 Wn.2d 481, 483, 236 P.2d 545 (1951).

The trial court's reasoning was based upon an analogy to federal tax law. Federal law provides that the recipient of a pension to which his employer and he have contributed need pay no income tax upon his retirement allowance received during the first 3 years until the payments received by the retired employee total the full amount contributed by him. Int. Rev. Code of 1954, § 72 (d). The analogy is inappropriate. The federal tax law is not based upon

a determination that the payments received by respondents constitute a return of their own funds. Rather it is an arbitrary exception to the exclusion ratio in section 72(b) of the Internal Revenue Code which establishes a formula based upon the taxpayer's contribution to the fund from which the pension is paid. *Yeager v. Unemployment Comp. Bd. of Review,* 196 Pa. Super. 162, 173 A.2d 802, 804-05 (1961).

Furthermore, the trial court found that the federal civil service pension fund is composed of four components: (1) employee contributions, (2) agency matching contributions, (3) appropriations from Congress, and (4) interest earned on investment of the fund. There is a reasonable basis to assume that each pension benefit is composed of proportional amounts from the four sources which have contributed to the fund. *Barclay v. Administrator, Unemployment Comp. Act,* 139 Conn. 569, 95 A.2d 797 (1953).

We hold that the proper construction of RCW 50.04.323(1) is that the relative clause "to which a base year employer has contributed . . ." modifies the word "plan." So construed, the Department of Employment Security properly applied the statute to respondents.

The judgment is reversed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, WRIGHT, and UTTER, JJ., concur.