# RESCRIPT OPINIONS.

DANIEL J. LYNCH *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. March 8, 1977. The plaintiff challenged administratively a determination that his unemployment benefits should be reduced and was unsuccessful. He then sought judicial review in the District Court of Hampshire where he prevailed. In turn, the director of the Division of Employment Security (division) has appealed the judicial determination which reversed the decision of the division's board of review. At issue is whether the plaintiff's weekly unemployment benefits must be reduced because of G. L. c. 151A, § 29 (*d*), as appearing in St. 1971, c. 940, § 17, which provides in part that "[a]n individual in unemployment and otherwise eligible for benefits, who is receiving, has received, or will receive payments in the form of retirement benefits, any part of which was financed by a base period employer, shall be paid . . . ." a weekly unemployment benefit reduced by fifty per cent of his weekly retirement benefit. The plaintiff has not filed a brief in this court, but from his District Court brief, which is incorporated in the judge's report, it appears that the plaintiff argues that until he receives retirement benefits equal in amount to his employee contribution toward those benefits, none of his retirement benefits is "financed by [his] base period employer" within the meaning of G. L. c. 151A, § 29 (*d*). This is not a correct analysis of the nature and source of the plaintiff's retirement benefits. The plaintiff's retirement allowance consists of payments from an annuity toward which he contributed (G. L. c. 32, § 22 [2] [*a*]), and an annual pension, financed by his former employer, toward which he has made no contribution (G. L. c. 32, § 22 [3] [*a*]). See G. L. c. 32, § 1, where retirement allowance is so defined. Thus, it is clear that part of the plaintiff's retirement allowance was financed by a base period employer and that, therefore, the deduction provided in G. L. c. 151A, § 29 (*d*), must be made from the plaintiff's weekly unemployment benefit. The fact that in 1975, when the plaintiff raised objection to any reduction in his unemployment compensation, Federal pensions were not included in the term "retirement benefit" as used in G. L. c. 151A, § 29 (*d*), shows beyond question that the Legislature intended to include any other pension within the meaning of "retirement benefit." See St. 1973, c. 558, §§ 1, 3. See also St. 1976, c. 228, § 3. It makes no difference that, as the plaintiff argued below, retirement amounts (annuity and pension) received by the plaintiff may not be subject to income taxation until the amount of benefits he receives exceeds his contribution. *Yeager Unemployment Compensation Case,* 196 Pa. Super. Ct. 162, 166-167 (1961). *Caughey* v. *Employment Security*

*Dept.,* 81 Wash. 2d 597, 602-603 (1972). The decision of the District Court is reversed and a decision is to be entered adjudging the decision of the board to be correct.

*So ordered.*

*Joseph S. Ayoub,* Assistant Attorney General (*Mildred M. Koval* with him) for the defendant.