[No. 14841–9–I.   Division One.   July 14, 1986.]

AVEMCO INSURANCE COMPANY, *Respondent,* v. THOMAS E. MOCK, ET AL, *Appellants.*

*Bruce F. Meyers, Dennis H. Walters, Philip A. Talmadge, Karr, Tuttle, Koch, Mawer & Morrow, P.S., Lawrence B. Bailey,* and *Shidler, McBroom & Gates,* for appellants.

*William E. Gibbs* and *Kleist, Davis & Arnold, Inc., P.S.,* for respondent.

WILLIAMS, J.—Avemco Insurance Company brought this action against Thomas and Karen Mock, Doug Fox Travel, Inc., Associated Aviation Underwriters and Flightcraft, Inc., for a declaratory judgment that damage to Mock's airplane and Doug Fox's airplane was not covered by the Avemco aircraft insurance policy issued to Mock. The trial court granted summary judgment in favor of Avemco, determining that an exclusionary clause in Mock's policy applied. Mock, Doug Fox, Associated and Flightcraft appeal.

Thomas Mock, a licensed pilot, flew his airplane into Boeing Field and parked it without chocking the wheels or tying it down. He returned approximately 10 minutes later, entered the cockpit, and attempted to start the engine, which would not start because the battery was weak. After making sure that the parking brake was set, Mock successfully hand–propped the propeller to start the engine. Unfortunately, Mock had left the throttle set at full power and no one was seated at the controls when the engine started. The propulsion of the engine at full throttle overrode the parking brake, and the airplane rolled forward. Mock ran around the wing of the airplane, jumped into the cockpit immediately before or just as the airplane commenced to move and attempted to stop it by retarding the throttle, but was unsuccessful. He also applied full pressure on the toe brakes. Notwithstanding these efforts, the airplane rolled approximately 91 feet, colliding with an airplane owned by Doug Fox, leased to Flightcraft and insured by Associated. Approximately 18 to 20 seconds elapsed from the engine's start to the collision.

Mock's policy with Avemco provided:

EXCLUSIONS APPLYING TO ALL COVERAGES
This Policy does not cover *bodily injury, property damage* or *loss*:
. . .
   (2) Arising out of:
      (a) starting an engine of *your insured aircraft* unless a pilot or mechanic is seated at the controls; . . .

██ The issue is whether the exclusionary clause in Mock's policy applies. The phrase "arising out of" is unambiguous and has a broader meaning than "caused by" or "resulted from." *State Farm Mut. Auto. Ins. Co. v. Centennial Ins. Co.,* 14 Wn. App. 541, 543, 543 P.2d 645 (1975), *review denied,* 87 Wn.2d 1003 (1976). It is ordinarily understood to mean "originating from", "having its origin in", "growing out of" or "flowing from". *Transport Indem. Co. v. Schnack,* 131 Cal. App. 3d 149, 182 Cal. Rptr. 256, 258 (1982); *see also Safeco Ins. Co. of Am. v. Husker Aviation, Inc.,* 211 Neb. 21, 317 N.W.2d 745, 749 (1982). No one was seated at the controls or even in the airplane when the engine was started. The collision certainly flowed from the manner of starting the engine.

Appellants contend that for the exclusionary clause to apply, not only must the pilot's seat be empty when the engine starts, but it must also be empty when the collision occurs. The terms of an insurance policy must be understood in their plain, ordinary and popular sense; clear and unambiguous language will not be modified under the guise of construing the policy. *Federated Am. Ins. Co. v. Strong,* 102 Wn.2d 665, 670, 689 P.2d 68 (1984). The plain meaning of this exclusionary clause is that when the airplane is started without a pilot or mechanic at the controls and an accident follows therefrom, no coverage is provided. This clause focuses on the manner of starting the engine. Whether a pilot is seated at the controls when the damage occurs is irrelevant so long as the loss arises from the starting of the engine and not some other cause. Tying the phrase "unless a pilot or mechanic is seated at the controls" to "starting an engine of your insured aircraft" also com-

ports with the rule of grammar and statutory construction that qualifying words and phrases refer to the last antecedent. *Caughey v. Employment Sec. Dep't,* 81 Wn.2d 597, 602, 503 P.2d 460, 56 A.L.R.3d 513 (1972).

The judgment is affirmed.

COLEMAN and WEBSTER, JJ., concur.