963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David L. DURBANO, Plaintiff-Appellee/Cross-Appellant,
v.
AMERICAN EMPIRE INSURANCE COMPANY, an Ohio corporation,
Defendant-Appellant/Cross-Appellee,
and
London Aviation Underwriters, a business entity of unknown
status; DOES 1-10, Defendants.
 Nos. 91-4115, 91-4142.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 These appeals arise out of an insurance coverage dispute between Plaintiff David L. Durbano and Defendant American Empire Insurance Company.[1] Mr. Durbano was the insured on an American Empire aircraft liability policy covering his Beechcraft T-34 airplane. In 1989, he filed a complaint seeking damages for contract breach, bad faith, and negligent infliction of emotional distress after American Empire denied a property loss claim he submitted. On cross motions for summary judgment, the district court entered judgment for Mr. Durbano on the contract claim but dismissed the tort claims. The court also granted attorneys' fees and costs. Both parties appealed. We reverse the district court's judgment with respect to American Empire's contract liability, and therefore, do not reach the other issues presented.
 
 FACTS
 
 2
 On November 29, 1988, Mr. Durbano went to the hangar housing his aircraft to perform maintenance. Because the plane was not going to be used for some time, Mr. Durbano determined, pursuant to his maintenance manual, that he needed to circulate the oil in the engine. In order to do so, he moved the throttle half open, advanced the airplane's mixture control to get fuel into the carburetor, and went to the front of the aircraft to turn the propeller half a turn. When he turned the propeller, the engine started. Although Mr. Durbano escaped injury, the plane rolled across the hangar, striking another airplane and causing property damage to both aircraft. The resulting property damage claim is the focus of this lawsuit.
 
 
 3
 At the time of this incident, Mr. Durbano's policy with American Empire was in full force and effect. That policy contained the following exclusion:
 
 
 4
 This policy does not apply under any coverage
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 c) when the aircraft is being used with or without the knowledge or consent of the insured for any unlawful purpose; or for any purpose other than as specified in the Declarations; or attempting to land or take off from a place that is not suitable; or to injury, damage or loss arising out of engine starting unless a licensed pilot or mechanic is seated at the controls.
 
 
 9
 Cross-Appellant's App. at 64-5 (emphasis added). It is undisputed that no one was seated in the airplane when the engine started. In fact, there was no one else in the hangar. Thus, the pertinent inquiry in this case is the meaning of this exclusionary language.
 
 DISCUSSION
 
 10
 In this diversity case, we apply the substantive law of Utah. See Hartford Accident & Indem. Co. v. U.S. Fidelity & Guar. Co., No. 91-4057, 1992 WL 86254, slip op. at 5 (10th Cir. Apr. 30, 1992). "We review the district court's construction of the contract as an issue of law de novo." Id.; see also Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991) (appellate court must review application of state law de novo). Summary judgment is appropriate only where there is no genuine dispute of material fact and one party is entitled to judgment as a matter of law. Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 11
 Insurance policies are contracts. As a consequence, those rules applicable to contracts generally are likewise applicable to the policy which American Empire issued. Bergera v. Ideal Nat'l Life Ins. Co., 524 P.2d 599, 600 (Utah 1974). "When an insurance policy is equivocal, it must be interpreted in favor of the insured. In the absence of ambiguity, however, 'an unambiguous insurance contract, like any other contract, should be enforced as written.' " Hartford Accident & Indem. Co., slip op. at 5 (quoting Young v. Fidelity Union Life Ins. Co., 597 F.2d 705, 707 (10th Cir.1979)). Whether an insurance policy is ambiguous is a question of law. Village Inn Apartments v. State Farm Fire & Casualty Co., 790 P.2d 581, 582 (Utah Ct.App.1990).
 
 
 12
 Here, the district court, through its adoption of the magistrate judge's report and recommendation, determined as a matter of law that the exclusion is ambiguous. The court held that because the language regarding engine starting is not preceded by "the," it refers only to intentional starting and not, as is the case here, to accidental starting. Thus, because Mr. Durbano did not intend to start the engine, the exclusion does not apply and the policy covers this property damage claim. We disagree. The absence of control, rather than the intent of the insured, is the significant issue.
 
 
 13
 The specific language of the policy excludes "loss arising out of engine starting." The term "arising out of" has a broad meaning under Utah law. National Farmers Union Property & Casualty Co. v. Western Casualty & Sur. Co., 577 P.2d 961, 963 (Utah 1978). The phrase is "commonly understood to mean originating from, growing out of, or flowing from, and requires only that there be some causal relationship between the injury and the risk for which coverage is provided." Id. Thus, the language of the policy requires only that the loss have some causal relationship to the engine starting.
 
 
 14
 Contract language may be ambiguous if it is not clear, or if the terms used may be understood to have more than one plausible meaning. Property Assistance Corp. v. Roberts, 768 P.2d 976, 977 (Utah Ct.App.1989). "A policy term is not ambiguous, however, merely because one party assigns a different meaning to it in accordance with his or her own interests." Village Inn Apartments, 790 P.2d at 583 (citing Camp v. Deseret Mut. Benefit Ass'n, 589 P.2d 780, 782 (Utah 1979)). If the court determines the contract is not ambiguous, the terms within it should be interpreted according to their plain meaning. Valley Bank & Trust Co. v. U.S. Life Title Ins. Co., 776 P.2d 933, 936 (Utah Ct.App.1989).
 
 
 15
 We hold the language of this exclusion is clear and unambiguous and excludes coverage for losses causally related to engine starting. See Avemco Ins. Co. v. Mock, 721 P.2d 34, 36 (Wash.Ct.App.1986) ("The plain meaning of this exclusionary clause is that when the airplane is started without a pilot or mechanic at the controls and an accident follows therefrom, no coverage is provided."). It is undisputed that the loss in this case was triggered when the engine started. Thus, the district court erred when it entered judgment in favor of Mr. Durbano. Instead, the court should have entered judgment in favor of American Empire. In light of our disposition, we need not reach the other issues raised on appeal.
 
 
 16
 The judgment of the United States District Court for the District of Utah is VACATED, and the case REMANDED with instructions to enter summary judgment for the Defendant.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument