IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 MAY 22 AM 10: 47

| | | |
|---|---|---|
| CHRISTINE A. TOLMAN, | ) | |
| | ) | No. 75141-7-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KEITH S. JOHNSON; COLONIAL PARK, | ) | |
| LLC, a Washington corporation, | ) | |
| | ) | |
| Respondents, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | FILED: May 22, 2017 |
| | ) | |
| UNKNOWN JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BECKER, J. — Christine Tolman appeals from an order denying her request for attorney fees under the Mobile Home Landlord-Tenant Act and a prevailing party provision in her rental agreement. We accept respondents' concession that the trial court erred. The order is reversed and remanded to award attorney fees as further discussed herein.

The facts are undisputed. Beginning in January 2010, Tolman rented a lot in Colonial Park, a mobile home park. Her lot included a deck built 16 years earlier by a previous tenant. Tolman was walking across the deck one day when her foot broke through rotted boards. Her ankle was injured.

In July 2012, Tolman sued respondent Colonial Park LLC and owner Keith Johnson. She alleged that the defendants failed to properly maintain the deck. The causes of action she pleaded included negligence and statutory violations of the Manufactured/Mobile Home Landlord-Tenant Act, chapter 59.20 RCW (hereafter Mobile Home Landlord-Tenant Act), and the Consumer Protection Act, chapter 19.86 RCW. The defendants filed a joint answer denying liability and raising affirmative defenses.

In September 2015, Tolman moved for partial summary judgment on the defendants' breach of duty under the Mobile Home Landlord-Tenant Act. The act prohibits mobile home park owners from "transferring responsibility for the maintenance or care of permanent structures within the mobile home park to the tenants of the park." RCW 59.20.135(2). A provision within a rental agreement transferring responsibility for the maintenance or care of permanent structures to park tenants is void. RCW 59.20.135(2). A paragraph in Tolman's rental agreement purported to make her responsible for maintenance of "existing facilities and any new structures."

Initially, the defendants opposed the motion and argued that the deck was not a permanent structure. They changed their position at the hearing on summary judgment and stipulated to liability. Our record does not include a transcript of the hearing in which this occurred. According to the clerk's minutes, counsel for the defendants stated they "would prefer to try the case on damages only, and therefore stipulate to liability, and no contributory fault and no affirmative defenses."

2

The order granting the motion for partial summary judgment sets forth the issues established on summary judgment:

1. Plaintiff's motion is granted;
2. Defendants owed plaintiff a non-delegable duty to maintain the deck and other permanent structures pursuant to the Mobile Home Landlord Tenant Act (MHLTA); and
3. Defendants' rental contract is void, unenforceable, unlawful and in violation of the MHLTA in that it unlawfully shifts their non-delegable duty to maintain the deck and other existing permanent structures on the mobile home lot to tenant plaintiff.

Tolman moved for a pretrial award of attorney fees and costs under the Mobile Home Landlord-Tenant Act and Tolman's rental agreement. The court reserved ruling on attorney fees until after trial. The court presided over a six-day jury trial in November 2015.

At trial, the court instructed the jury that the defendants' negligence had already been established. "You are to decide what injuries and damages to plaintiff were proximately caused by the defendants' negligence and what amount plaintiff should recover." Defendants stipulated that Tolman had past economic damages of $39,242.51 for medical bills and past economic damages of $19,438.75 for wage loss. The jury was instructed that these damages "have already been established" as damages "proximately caused by the negligence of the defendants."

The jury returned a verdict awarding Tolman $109,681.26 in damages for her "Personal Injury Claim." In addition to the amounts already established for past economic damages, the jury awarded $46,000 for past noneconomic damages and $5,000 for future noneconomic damages. The jury awarded nothing for future economic damages.

On the claim of violation of the Consumer Protection Act, the court instructed the jury that it had already been established that defendants engaged in an unfair or deceptive act or practice in the conduct of trade or commerce affecting the public interest. The plaintiff had the burden of proving that the unfair or deceptive act or practice was a proximate cause of injury to Tolman's property. Such injury could be "the reasonable value of her lost use of the deck, if any," and the costs, if any, of investigating the claim.

The jury rejected the consumer protection claim. They answered "No" to the question "Did one or more of defendants' unfair or deceptive acts or practices proximately cause injury or damages to plaintiff?"

In a posttrial motion, Tolman renewed her request for attorney fees and costs under the lease agreement and the Mobile Home Landlord-Tenant Act. In another motion, she moved for judgment as a matter of law on the consumer protection claim. In a third motion, she requested additur or a new trial on the ground that the damages awarded were too low. The court denied all three motions in a decision issued on March 30, 2016. The court explained that attorney fees were denied because "this suit was essentially a premises liability suit for personal injuries. The jury decision that no injury was caused by the violation of the [Mobile Home Landlord-Tenant Act] from loss of use or the investigation precludes recovery for attorney fees and costs, except statutory fees and costs, under the [Mobile Home Landlord-Tenant Act] and [Consumer Protection Act]." The court's decision did not address the rental agreement as a basis for fees.

4

Tolman appeals only the decision denying attorney fees. The scope of this opinion is limited accordingly.

The defendants, who are respondents on appeal, filed an appellate brief arguing that neither the Mobile Home Landlord-Tenant Act nor the rental agreement authorizes an award of fees. At oral argument before this court, counsel for respondents announced a significant change in their position. They conceded that the trial court erred by refusing to award fees and costs to Tolman for prevailing on her claim of a violation of the Mobile Home Landlord-Tenant Act. They further conceded that Tolman is entitled to fees under at least one provision of the rental agreement.

As a result of these concessions, which we accept, the case must be remanded to the trial court to award Tolman her reasonable attorney fees and costs incurred in the trial court. We now outline the arguments that respondents have abandoned, to provide guidance to the trial court and to ensure that the respondents are not permitted to renew the same arguments as a basis for reducing the fee award.

The action arises out of the Mobile Home Landlord-Tenant Act

"In any action arising out of this chapter, the prevailing party shall be entitled to reasonable attorney's fees and costs." RCW 59.20.110. Defendants argued that Tolman's suit did not arise out of the Mobile Home Landlord-Tenant Act because it was essentially a premises liability suit for personal injuries.

The record presented for appeal does not support the argument that Tolman pursued liability exclusively under a common law theory. To the

contrary, even to the extent Tolman explored common law theories, such theories were related to defeating the defense contention that Tolman was responsible for the condition of the deck. Tolman sought partial summary judgment to establish the defendants' liability for breaching a *statutory* duty under the Mobile Home Landlord-Tenant Act. The jury was not instructed on common law theories of premises liability. The verdict form did not refer to premises liability. The jury was instructed that negligence had already been established. Because the only order establishing negligence was the order granting summary judgment of liability for violating the Mobile Home Landlord-Tenant Act, the breach of duty under the Mobile Home Landlord-Tenant Act is the only negligence claim on which the award of damages could have been based. The duty respondents breached that made them negligent as a matter of law and accountable for personal injury damages was established on summary judgment as "a non-delegable duty to maintain the deck and other permanent structures pursuant to the Mobile Home Landlord Tenant Act."

"'Arising out of'" has a broader meaning than "'caused by'" or "'resulted from.'" Toll Bridge Auth. v. Aetna Ins. Co., 54 Wn. App. 400, 404, 773 P.2d 906 (1989), quoting State Farm Mut. Auto. Ins. Co. v. Centennial Ins. Co., 14 Wn. App. 541, 543, 543 P.2d 645 (1975). Courts have defined it to mean "'originating from,'" "'having its origin in,'" "'growing out of,'" or "'flowing from.'" Toll Bridge Auth., 54 Wn. App. at 404, quoting Avemco Ins. Co. v. Mock, 44 Wn. App. 327, 329, 721 P.2d 34 (1986). Respondents properly concede that Tolman's action

6

arose out of the Mobile Home Landlord-Tenant Act and that she is entitled to fees under the act.

Attorney fees are not precluded by defense verdict on consumer protection claim

The void and illegal provision in Tolman's rental agreement purporting to make her responsible for maintenance of the deck was the unfair and deceptive act that gave rise to Tolman's consumer protection claim. Because the jury found no injury to property caused by the void provision, Tolman did not prevail on her consumer protection claim.

The trial court concluded that an award of attorney fees under the Mobile Home Landlord-Tenant Act was precluded by the jury finding of no injury. This reasoning was erroneous. The instructions and verdict form called upon the jury to make two separate determinations of damages: first for the personal injury claim and second for the consumer protection claim. The defense verdict on the consumer protection claim meant only that the jury found that the void provision in the rental agreement did not cause injury to Tolman's "property" either through loss of use of the deck or investigative costs. See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (elements of claim). It did not erase the jury's separate finding that the defendants' breach of a duty imposed by the Mobile Home Landlord-Tenant Act proximately caused Tolman a total of $109,681.26 in personal injury damages. Personal injury damages are not recoverable in a consumer protection claim. Ambach v. French, 167 Wn.2d 167, 173, 216 P.3d 405 (2009). But they are, of course, recoverable in a personal injury action.

7

## Tolman is a prevailing party

Respondents argued that Tolman was not entitled to attorney fees because, having lost on her consumer protection act claim, she is not a prevailing party. Having now agreed that she is entitled to fees, they have necessarily abandoned this argument.

A prevailing party has been defined as one who obtains judgment in her favor, Seashore Villa Ass'n v. Hugglund Family Ltd. P'ship, 163 Wn. App. 531, 547, 260 P.3d 906 (2011), review denied, 173 Wn.2d 1036 (2012), and also as one against whom no affirmative judgment is entered, Eagle Point Condominum Owners Ass'n v. Coy, 102 Wn. App. 697, 706, 9 P.3d 898 (2000). The brief of respondent portrays this case as one in which there is no prevailing party for the purpose of awarding attorney fees because both parties prevailed on major issues, and also as one in which a plaintiff does not prevail because the judgment obtained at trial does not exceed settlement offers. This case does not fall into either category. See generally Eagle Point Condo. Owners Ass'n, 102 Wn. App. at 706-14. Tolman prevailed when the court rendered a judgment in her favor and gave no affirmative relief to the defendants.

## The rental agreement requires an award of fees

Tolman asserts she is entitled to attorney fees under the rental agreement.

> 27. ATTORNEY'S FEES AND COSTS. Tenants shall pay for all attorney's fees and costs incurred by Landlord to enforce this Agreement. If any legal action arising out of this Agreement, including eviction, the prevailing party shall be entitled to reasonable attorney's fees and costs.

> If by reason of any breach or default on the part of either party hereto it becomes necessary for the other party hereto to employ an attorney, then the non-breaching party shall have and recover against the other party in addition to costs allowed by law, reasonable attorneys' fees and litigation-related expenses including any such costs and attorneys' fees incurred for appeal or in bankruptcy. The non-breaching party shall be entitled to recover reasonable attorneys' fees and costs and expenses, as provided above, regardless of whether litigation is actually commenced.

The first paragraph authorizes an award of reasonable fees and costs to the prevailing party in "any legal action arising out of" the agreement. Respondents' brief argued that Tolman's action did not arise out of the rental agreement; rather, it arose out of the park's breach of its common law duty to properly maintain the deck for invitees. Respondents have now conceded that Tolman's action arose out of the rental agreement. As the prevailing party, she is entitled to reasonable attorney fees and costs.

The second paragraph authorizes an award of attorney fees if, "by reason of any breach or default" of the other party, it becomes necessary to employ an attorney.

Counsel for respondents was asked at oral argument whether respondents were standing by any part of their appellate brief. Counsel stated they stand by their argument that the second paragraph of the attorney fee section in the rental agreement does not apply because Tolman did not allege that Colonial Park breached the agreement, and Colonial Park did not in fact enforce the invalid clause. They contend that the invalid language purporting to transfer to Tolman the duty of maintaining the deck was "inconsequential"

because it was never enforced and Tolman admitted she was unaware of it until litigation began.

Chapter 59.20 RCW controls the legal rights, remedies, and obligations arising from a rental agreement between a landlord and tenant regarding a mobile home lot. RCW 59.20.040; Western Plaza, LLC v. Tison, 184 Wn.2d 702, 707, 364 P.3d 76 (2015). A statute that affects the subject matter of a contract "is incorporated into and becomes a part thereof." Dopps v. Alderman, 12 Wn.2d 268, 273, 121 P.2d 388 (1942). Thus, incorporated into Tolman's rental agreement was the section of the act that prohibits mobile home park owners from "transferring responsibility for the maintenance or care of permanent structures within the mobile home park to the tenants of the park." RCW 59.20.135(2). That statutory provision was central to every aspect of Tolman's action against the defendants. Respondents violated the statute by executing a rental agreement that transferred the duty of maintenance to Tolman. By reason of this breach, it became necessary for Tolman to employ an attorney to seek compensation for Tolman's injury. Respondents resisted for quite some time by asserting that it was Tolman's responsibility to maintain the deck. As the nonbreaching party, Tolman is entitled under the second paragraph to attorney fees and litigation-related expenses.

The respondents stand by one other argument in their brief: that Tolman is entitled to only those fees she incurred through October 16, 2015, the date when they admitted liability and withdrew their affirmative defenses, resulting in the grant of partial summary judgment in Tolman's favor. Respondents suggest

10

that Tolman accomplished nothing more by litigating after that date than if she stopped litigating on that date. Indeed, they argue that it was unfair that Tolman took three years to prepare the motion for partial summary judgment. We reject their arguments. Respondents' view of the record is inaccurate. When the respondents stipulated to "liability," they did not settle the case. A full trial was necessary because they did not stipulate to causation or damages.

Also, the respondents did not stipulate that a judgment in Tolman's favor would entitle her to an award of attorney fees. Tolman's right to attorney fees under the Mobile Home Landlord-Tenant Act and the rental agreement is a valuable right. The fee-shifting provisions increased the likelihood that Tolman would obtain legal representation despite the difficulty of proving damages sufficient to make a contingent fee arrangement worthwhile. Respondents took the position that Tolman had no right to an award of attorney fees because the action was one for personal injury, they persuaded the trial court of the merits of that position, and they did not abandon that position until the day they appeared before this court for oral argument. Tolman's need to employ an attorney to vindicate her rights under the rental agreement has continued throughout this appeal and will continue until the trial court enters a judgment for an adequate award of attorney fees and payment is made. Her right to attorney fees for prevailing in "any action" arising out of chapter 59.20 RCW likewise continues.

This is not to say that the trial court is bound to award fees for every hour of time Tolman's attorneys have devoted to this lawsuit. A trial court must take an active role in assessing the reasonableness of fee awards, including the entry

of findings and conclusions to document the court's application of the lodestar methodology. Mahler v. Szucs, 135 Wn.2d 398, 433-35, 957 P.2d 632, 966 P.2d 305 (1998). In calculating the lodestar, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. The hours reasonably expended must be spent on claims having a common core of facts and related legal theories. The court should discount hours spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time. Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

Tolman contends the unsuccessful consumer protection claim arose out of the same core of facts as the rest of the lawsuit such that it is difficult to disentangle the work done on one from work done on the other. It will be up to the trial court to determine whether and to what extent the two statutory causes of action were so intertwined that the time cannot be reasonably segregated. See, e.g., Miller v. Kenny, 180 Wn. App. 772, 824, 325 P.3d 278 (2014).

In evaluating the reasonableness of Tolman's fee request, the trial court must construe RCW 59.20.110 in light of the stated purpose of the Mobile Home Landlord-Tenant Act. See Faciszewski v. Brown, 187 Wn.2d 308, 320, 386 P.3d 711 (2016). The prohibition against transferring the responsibility of maintenance to tenants was enacted with a very specific declaration of public interest:

> The legislature finds that some mobile home park owners transfer the responsibility for the upkeep of permanent structures within the mobile home park to the park tenants. This transfer sometimes occurs after the permanent structures have been allowed to

deteriorate. Many mobile home parks consist entirely of senior citizens who do not have the financial resources or physical capability to make the necessary repairs to these structures once they have fallen into disrepair. The inability of the tenants to maintain permanent structures can lead to significant safety hazards to the tenants as well as to visitors to the mobile home park. The legislature therefore finds and declares that it is in the public interest and necessary for the public health and safety to prohibit mobile home park owners from transferring the duty to maintain permanent structures in mobile home parks to the tenants.

RCW 59.20.135.

The defendants did not concede below that Tolman's action arose out of the Mobile Home Landlord-Tenant Act or out of the rental agreement. Such an admission would have conceded Tolman's entitlement to an award of attorney fees, an issue the defendants forced Tolman to litigate until their concession at oral argument. The general rule is that time spent on establishing entitlement to, and amount of, a court awarded attorney fee is compensable where the fee shifts to the opponent under a fee shifting statute. Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 378, 798 P.2d 799 (1990).

Tolman requests attorney fees and costs on appeal pursuant to RAP 18.1. Both RCW 59.20.110 and the rental agreement authorize an award of fees to Tolman. As the prevailing party on appeal, she is entitled to an award of attorney fees and costs for this appeal, subject to compliance with RAP 18.1.

The order denying fees is reversed.  We remand for further proceedings consistent with this opinion.

WE CONCUR:

_Becker, J._

_Leach, J_

_Cox, J._